IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00106-CNS-SKC

CLAYTON LOUIS SHRIVER,

    Plaintiff,

v.

CITY OF WESTMINSTER,
OFFICER MICHAEL OWEN, in his individual capacity, and
OFFICER TYLER FARSON, in his individual capacity,

    Defendants.

## ORDER

Before the Court is Defendant Michael Owen's Objection (ECF No. 58) to the United States Magistrate Judge's Recommendation (ECF No. 54) that the Court grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 44). For the reasons set forth below, the Court OVERRULES Defendant Owen's Objection, AFFIRMS and ADOPTS the Recommendation, and GRANTS in part and DENIES in part the Motion to Dismiss.

### I. BACKGROUND

The Magistrate Judge summarized the case's background and Second Amended Complaint's factual allegations, which the Court incorporates into its Order (*see* ECF No. 54 at 2–4). The Magistrate Judge recommended granting in part and denying in part the Motion to Dismiss

on February 15, 2023 (*see generally id.*). Defendant Owen objected to the Magistrate Judge's Recommendation (ECF No. 58).

## II. STANDARD OF REVIEW AND LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### III. ANALYSIS

Having considered the Magistrate Judge's Recommendation, Defendant Owen's Objection, the Second Amended Complaint, the Motion to Dismiss, case file, and relevant legal authority, the Court overrules the Objection, affirms and adopts the Recommendation, and grants in part and denies in part the Motion to Dismiss.

Defendant Owen objects to the Magistrate Judge's conclusion that he is not entitled to qualified immunity on the grounds that Plaintiff Clayton Louis Shriver has not plausibly alleged a constitutional violation and that no right was clearly established (ECF No. 58 at 3–7). When a defendant asserts qualified immunity, the plaintiff must show that the defendant (1) violated a statutory or constitutional right and (2) the right was "clearly established" at the time of the defendant's challenged conduct. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quotation omitted). The Court may address either prong first. *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013). For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision "on point," or the "weight of authority from other courts must have found the law to be as the plaintiff maintains." *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018)

3

(quotation omitted). A plaintiff is not required to cite a case with "identical facts" to demonstrate a clearly established right, *Kapinski v. City of Albuquerque*, 964 F.3d 900, 910 (10th Cir. 2020), but clearly established law must place the constitutional issue "beyond debate," *Mullenix v. Luna*, 577 U.S. 7, 16 (2015) (quotation omitted). In its analysis of a defendant's motion to dismiss, courts consider whether a complaint's well-pleaded factual allegations and related inferences allege an officer violated a clearly established constitutional right. *See Sanchez v. Hartley*, 810 F.3d 750, 754 (10th Cir. 2016) (citation omitted); *see also Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) ("Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." (quotations omitted)).

  ***Constitutional Violation.*** The Court disagrees with Defendant Owen that the Magistrate Judge erred in recommending that Mr. Shriver plausibly alleged that Defendant Owen violated his constitutional rights (*See* ECF No. 58 at 3; *cf.* ECF No. 54 at 9). Defendant Owens argues that the "video evidence and contemporaneous allegations show" that Mr. Shriver "had in fact committed" the crime of obstruction, it cannot be "plausibly inferred that [Mr. Shriver] was incapacitated prior to be handcuffed," and that ultimately Mr. Shriver has failed to show that Defendant Owen's "use of force was objectively unreasonable" (ECF No. 58 at 3–4). Engaging in de novo review of the Magistrate Judge's recommendation regarding the first qualified immunity prong, Defendant Owen fails to persuade that reversal is warranted. The Magistrate Judge correctly determined that, reading Mr. Shriver's allegations in the context of the Second Amended Complaint and interpreting them in the light most favorable to him, Mr. Shriver plausibly alleged a violation of his constitutional rights (ECF No. 54 at 9). *See also Chilcoat*, 41 F.4th at 1207; *Mayfield*, 826 F.3d

4

at 1255. And having reviewed the surveillance footage, the footage does not, contrary to Defendant Owen's contention, demonstrate that the Magistrate Judge's recommendation was erroneous (ECF No. 54 at 9; *see also id.* at 4–6).

***Clearly Established.*** Defendant Owen argues that the cases on which the Magistrate Judge "relied" in concluding that the constitutional violation was clearly established are "materially different from the facts alleged" in this case, and therefore "fail to overcome [Defendant Owen's] qualified immunity" (ECF No. 6–7). The Court disagrees. The cases cited and discussed by the Magistrate Judge demonstrate, given the gravamen of Mr. Shriver's allegations, that the law regarding the alleged constitutional violation was clearly established under the second qualified immunity prong (ECF No. 54 at 10). *See also Casey v. City of Fed. Heights*, 509 F.3d 1278, 1286 (10th Cir. 2007) ("Each factor in *Graham* counseled against the use of a large amount of force."); *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 666–67 (10th Cir. 2010) ("In *Casey*, we faced very similar factual circumstances: a police officer used her Taser against a non-violent misdemeanant who appeared to pose no threat and who was given no warning or chance to comply with the officer's demands . . . . There we held that the officer's actions violated the Fourth Amendment, and that the law was clearly established . . . . Following *Casey*'s holding that the law was clearly established as of August 25, 2003, it was clearly established on December 8, 2006 that Officer Davis could not use his Taser on a nonviolent misdemeanant who did not pose a threat and was not resisting or evading arrest without first giving a warning. The district court therefore properly denied qualified immunity."). Defendant Owen's argument to the contrary is unavailing. *Cf. Kapinski*, 964 F.3d at 910 ("Although plaintiffs need not cite a case with *identical facts* to demonstrate a clearly established right, existing precedent "must place the statutory or

constitutional question beyond debate." (quotations and alterations omitted) (emphasis added)); *Reavis ex rel. Estate of Coale v. Frost*, 967 F.3d 978, 992 (10th Cir. 2020) ("[O]ur analysis is not a scavenger hunt for prior cases with precisely the same facts, and a prior case need not be exactly parallel to the conduct here for the officials to have been on notice of clearly established law." (quotations omitted)). In sum, clearly established law demonstrates that Defendant Owen's alleged use of excessive force—by for instance, violently throwing Mr. Shriver, a 78-year old, non-violent individual, to the ground, handcuffing, and tasing him—gave rise to a constitutional violation (*see, e.g.,* ECF No. 33 at 5–6 ¶¶ 33–37, 40–45). *See also Cummings*, 913 F.3d at 1239.

## IV. CONCLUSION

Consistent with the above analysis, the Court OVERRULES Defendant Owen's Objection (ECF No. 58), AFFIRMS and ADOPTS the Recommendation (ECF No. 54), and GRANTS in part and DENIES in part the Motion to Dismiss (ECF No. 44).

DATED this 31st day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

6